### KATE GLOVER *v.* S. E. HILL ET AL.

WIDOW. *Dower. Homestead exemption.*

The widow of a childless intestate is not entitled, under the Code of 1871, to half his land in addition to the homestead, but only to half including the exemption.

APPEAL from the Chancery Court of Marshall County.

Hon. A. B. FLY, Chancellor.

*Watson & Smith*, for the appellant.

The widow, where there are no children, is, under the Code of 1871, entitled to her dower of half the land of which her husband dies seised, without a will, and also to the homestead exemption. Sections 1956, 2135, give her the homestead, and

under § 1281 she takes half of the residue as dower. *Gibbons*
v. *Brittenum*, 56 Miss. 232. The two statutes are not so repug-
nant that both cannot stand, but can be reconciled only on
the ground urged in this case. To that effect are decisions on
similar statutes in other States. In Alabama, the fact that
dower has been allotted does not impair the homestead right.
*Chisolm* v. *Chisolm*, 41 Ala. 327; *McCuan* v. *Turrentine*, 48
Ala. 68. In North Carolina, if the homestead is first laid off,
the widow may have dower in the residue. *Watts* v. *Leggett*,
66 N. C. 197; *McAfee* v. *Bettis*, 72 N. C. 28. The rights
of dower and homestead are held to be distinct in Illinois.
*Walsh* v. *Reis*, 50 Ill. 477. In Wisconsin she can hold the
homestead and have dower in the rest of the land, *Bresee* v.
*Stiles*, 22 Wis. 120; while in Massachusetts she is held entitled
to homestead in addition to dower. *Monk* v. *Capen*, 5 Allen,
146; *Mercier* v. *Chace*, 11 Allen, 194. The same construction
prevails in Vermont, Missouri, and Michigan. *Doane* v. *Doane*,
33 Vt. 649; *Chaplin* v. *Sawyer*, 35 Vt. 286; *Skouten* v. *Wood*,
57 Mo. 380; *Wallace* v. *Harris*, 32 Mich. 380.

*Stith & Stith*, for the appellees.

The cases cited by opposing counsel do not apply; Thomp-
son on Homestead, §§ 561, 562, note 3; but the following are
worthy of careful consideration: *Roff* v. *Johnson*, 40 Ga. 555;
*Adams* v. *Adams*, 46 Ga. 630; *Robson* v. *Lindrum*, 47 Ga. 250;
*Singleton* v. *Huff*, 49 Ga. 582; *Meyer* v. *Meyer*, 23 Iowa, 359;
*Butterfield* v. *Wicks*, 44 Iowa, 310; *Bates* v. *Bates*, 97 Mass.
392; *Wright* v. *Dunning*, 46 Ill. 271. The two statutes —
§ 1956 which gives the homestead, and § 1281 which gives
dower — are inconsistent. Both include the residence. Thomp-
son on Homestead, § 542; 1 Wash. Real Prop. 326, 329.
While the former makes the widow tenant in common, the
latter gives her an exclusive right. The first estate terminates
when the last child becomes of age, the other is a fee-simple.
Of these repugnant statutes, § 1281, which was last adopted,
should prevail. *Gibbons* v. *Brittenum*, 56 Miss. 232. This is
consonant with justice and makes the law easy of application,
while a contrary rule would give rise to complications grow-
ing out of the varying circumstances of different estates and
families.

GEORGE, C. J., delivered the opinion of the court.

Mrs. Kate Glover, the appellant, is the widow of Robbin Glover, who died intestate and without children or descendants of children; and the controversy in this case is as to the extent of her right of dower in her husband's lands. The appellant claims that she is entitled to the eighty acres exempt by law from execution, and then to one-half the remainder of the lands as dower.

The Chancellor refused to assign dower in that way, and, as we think, properly. The homestead exemption under our statute embraces eighty acres of land and the buildings thereon, owned and occupied as a residence by the debtor. Code 1871, § 2135. This property, on the death of the husband, descends to his widow and children as tenants in common; and, if there are no children, to his widow; and, if no widow, to his children. Code 1871, § 1956. Under § 1281 of the Code, the widow is entitled to dower; when the husband, as in this case, dies intestate and without descendants, to one-half of his realty in fee. The dower is to include the dwelling and out-buildings. So it is seen that the dower and the homestead are both required to embrace the same property, — the dwelling and out-houses. How the conflict between the widow's right of dower, which is exclusive as to the dwelling, and the right of the children in the exemption, which is that of tenants in common with each other and the widow, is to be settled, it is not necessary for us now to decide. As there are no children here to contest with the widow, the provisions of both statutes — the one on the subject of dower and the other on the descent of the homestead — may be carried out. The widow is entitled to a homestead right in fee, and she is also entitled to dower in one-half of all the lands, including the homestead. When the homestead right is set out she is entitled to all embraced in it, whether it is more or less than what her dower would be when assigned. When the dower is assigned it must embrace, as far as it goes, the homestead right. If, in getting one-half of the whole land, it be necessary to take more than the homestead right, then all the homestead right will be included in it, and so much outside of it as may be necessary to give her one-half of all the land. As to the land outside the homestead,

she would hold it as dower alone; the other she would hold under both titles. The title, however, is in either case an absolute fee-simple.          *Decree affirmed.*